N/S

L/N

Fee paid

**Ben Zakarya**
**Nima Tirgar Bahnemiri**
**23038 Califa Street**
**Woodland Hills, Ca 91367**
benzakarya@yahoo.com
818-442-3858
**Pro per**

FILED
CLERK, U.S. DISTRICT COURT
04/04/2025
CENTRAL DISTRICT OF CALIFORNIA
BY   GSA   DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES VINTAGE

| | |
|---|---|
| **BEN ZAKARYA, NIMA TIRGAR BAHNEMIRI,** | Case No.: 2:25-cv-02969-FMO-(MARx) |
| Plaintiffs | CIVIL ACTION |
| | JURY TRIAL DEMANDED |
| vs. | |
| **WELL FARGO BANK N.A., a CALIFORNIA CORPORATION, JOHN/JANE DOE # 1 -10 inclusive,** | |
| Defendant(s). | |

Now Comes Ben Zakarya and Nima Tirgar Bahnemiri the joint Plaintiffs pro per who hereby file instant Civil Federal Complaint based upon the grounds as set forth more fully below, and in support of thereof respectfully state and allege as follows:

1. That the plaintiffs pro per Ben Zakarya and Nima Tirgar Bahnemiri are more than 18 years of age and Ben Zakarya is a citizen and Nima is a permanent resident.

2. That aside from a previous Complaint filed in this Court (Case No.: 2:23-cv-08699 SPG) (AGR) which was closed by Order of the Court, no other Civil Complaints or arbitration proceedings have been filed in any other court or jurisdiction related to the counts as set forth more fully below;

## JURISDICTION AND VENUE

3. That this Honorable Court has jurisdiction over this instant Civil matter as prosecuted herein Pursuant to Title 28 U.S.C. § 1331. Where it presents a federal question and where the venue lies within the jurisdictional boundaries of this Court where the events, complained of took place within the jurisdictional boundary and venue exist pursuant to Title 28 U.S.C. § Section 1391.

## THE PARTIES

4. That Ben Zakarya is an individual and joint Plaintiff pro per in instant Federal Civil action and is a resident in the State of California.

5. That Nima Tirgar Bahnemiri is an individual and joint plaintiff pro per and is a resident in the State of California

6.  That based upon information and belief defendant Wells Fargo Bank 2.NA., is a California Corporation conducting business within the State of California and elsewhere as a Banking Institution.

7.  That Jane/ John Doe 1-10 are employees of defendant Wells Fargo Bank NA..

## NARRATIVE OF COMPLAINT

8.  That Ben Zakarya and Nima Tirgar Bahnemiri are personal friends and professional colleagues and there came a time when Defendant Wells Fargo Bank NA. acting in concert with their employees who will be identified during the discovery process, acted with bias and prejudice against the plaintiff's pro per deliberately interfering with and delaying a business transaction which is customary and usual to the defendant banking institution.

9.  That the Plaintiff Ben pro per is a Jewish American Citizen who was subjected to mistreatment and denial of banking services based upon their Jewish/ Muslim religious beliefs and acts of bias and prejudice by Defendants' exercised discriminatory business practices which were Anti-Semitic against plaintiffs stemming from Plaintiffs Jewish religious beliefs with Defendants denying timely banking services to the Plaintiffs which deliberately interfered with a business transaction which was time of the essence. (Note: Nima is half Jewish and half Muslim)

10. That the Plaintiffs was subjected to extensive review concerning a wire transfer in the amount of approximately $271,260.00 which was not the first

wire transfer Plaintiffs sought in the execution of their personal business with Defendants Bank.

11. That the Plaintiffs suffers financial damage caused by the delay and Defendants Anti-Semitic practices which were a part of a pattern and practice, throughout the United States at the time of this writing, caused by the Israel Gaza War, in a Nation-Wide Campaign, which was motivated in the United States by Hamas a terrorist organization, and this instant complaint now follows:

## INTEGRAL FACTS RELATED TO ALL COUNTS

12. That Title VI of the Civil Rights Act of 1964 prohibits discrimination in the provision of services on the basis of race, color, **religion**, sex, or national origin.

13. That Title VI is a Federal Statute which joint Plaintiffs charge was breached by Defendant Wells Fargo Bank NA., and their employees during banking business activities by the Plaintiffs.

14. That Title VI applies to programs and activities of the Defendant Wells Fargo Bank NA., who routinely receives Federal financial assistance since 2008 during the financial housing crisis and on various mortgage and lending programs offered by the Defendant Wells Fargo Bank NA..

15. That Title VI prohibits forms of Anti Semitism conduct which is a form of discrimination.

16. That the joint Plaintiffs are of Iranian descent and practicing participants of the Jewish Religion.

17.     That Plaintiffs Ben Zakarya Is more than 18 years of age a citizen of the United States and a resident of the State of California.

18      That Plaintiff Nima Tirgar Bahnemiri a permanent resident of the United States more than 20 years and a resident of the State of California.

19.     That on August 18, 2023, Plaintiffs were unduly restricted by the defendant Wells Fargo Bank employees from receiving full advantages of banking services offered to all other non-Jewish customers.

20.     That Title VI of the Civil Rights Act of 1964 provides that no person in the United States shall be excluded from participation in, denied the benefit of, or subjected to discrimination, based upon their religion.

21.     That it is well settled that defendant Wells Fargo Bank NA. received major financial assistance from the United States government during the 2008 housing financial crisis (Bail Out) and continues to receive government funding among various programs sponsored by the Defendant Bank.

22.     That Plaintiffs while appearing in person at defendant Bank for a routine wire transfer which was disrupted and delayed causing the Plaintiffs to lose a purchase of property which required time escrow, deposit in the amount of, $271,260.00. which Plaintiffs requested through wire transfer service $271,260.00.

23.     That the Plaintiffs are religious practicing Jews identified by their Jewish accent.

24. That Plaintiffs have conducted their business in high end real estate development, building construction and self-storage facilities in California for decades.

25. That Plaintiffs from time-to-time banking service needs include the need for wire transfers to facilitate and conduct Plaintiffs personal business activities.

26. That Plaintiff Ben Zakarya has conducted business with Defendant Bank Wells Fargo NA. for more than four decades.

27. That Plaintiff Nima Tirgar Bahnemiri has been a Wells Fargo Banking NA., customer for more than 10 years.

28. That from time to time prior to the incident in controversy the Plaintiffs preformed various banking services with Defendant Wells Fargo Bank NA., including but not limited to wire transfer of large sums of money to and from partners located in Paris France without incident.

29. That based upon information and belief both Plaintiffs have been previously verified by Defendant bank and have previously sent international wire transfers in an amount of over $100,000.00.

30. That Plaintiffs when executing wire transfer on August 18, 2023, was denied services by unidentified Defendants Wells Fargo employees Doe # 1.

31. That Plaintiff asserts that the unfavorable treatment and denial of routine banking Services in executing a wire transfer on August 18, 2023, was based on Plaintiffs Jewish religious belief, which bank employees could easily identify by Plaintiffs Jewish accent and Jewish sur name.

32. That Defendant employee John/Jane Doe # 1 caused communication with another Defendant Wells Fargo Bank NA. with John/Jane Doe # 2. Who was not present on the bank property, but who posed questions concerning Plaintiff via telephone.

33. That Defendant employee John/Jane Doe # 2 via telephone asked Plaintiff a battery of questions related and unrelated to the wire transfer services that the Plaintiff was seeking to execute.

34. That at the conclusion of the telephone interview by John/Jane Doe # 2 Plaintiffs were denied bank service in executing a wire transfer, routinely accommodated by Defendant Wells Fargo bank NA.

35. That Plaintiff left the bank after being deprived banking services returned home to gather same information previously presented at bank and returned back to bank on August 21, 2023, where once again was subjected of a battery of questions related and unrelated on wire transfer, prior to receiving ultimate approval for international transfer from Plaintiffs account to partner's account in Paris France.

36. That during the same time period in the United States there were on going Anti- Semitic protests, discriminating against Jewish individuals.

37. That the Anti-Semitic protest was organized by Hamas, a terrorist organization based in Israel on the Gaza strip.

38. That during the same time period there was a war between Israel and Gaza caused by a terrorist attack on Israelis involving the kidnaping and murder of innocent Israelis and Americans by Hamas and as of this writing continue to hold the surviving hostages in captivity.

39. That the Anti-Semitic activities surfaced and promoted by Hamas around the United States included protests against Jews by Hamas sympathizers on college campuses within the United States and streets across America.

40. That Defendant Wells Fargo Bank NA., acting by a through their agents deprived the Plaintiffs of fair customary and usual banking services in declining to make an international wire transfer from the United States to Paris France for the purchase of property by the Plaintiffs.

41. That the failure to expedite the timely international wire transfer resulted in a delay and loss of the purchase, causing the Plaintiffs to suffer financial damages.

42. That but for the unreasonable delay in providing Plaintiffs fair, professional timely banking services the Plaintiffs purchase of property would have been completed but was not due to unreasonable delay caused by the Defendants.

43. That the animus displayed towards the plaintiffs by various bank employees was motivated by Plaintiffs Jewish religious beliefs, which were part of a National Anti-Sematic time of protest across the United States motivated by Hamas, a Middle East Terrorist Group located on the Gaza Strip in the Middle East.

44. That the denial of professional banking services motivated by Plaintiff Jewish faith caused Plaintiff Ben Zakarya to suffer emotional distress requiring ongoing professional medical treatment while causing him to suffer loss of personal relation consortium with his wife.

45. That as of this writing Plaintiff Ben Zakarya continues need for medical care and treatment and has been administered medication, together with regular doctor visits.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VI. CIVIL RIGHTS ACT 1964
## DISCRIMINATION BASED UPON RELIGIOUS BELIEFS

46. That Plaintiff(s) herein incorporates paragraphs 1 - 45 and further alleges that Plaintiffs all during material times of the incident set forth more fully above and below constituting a denial of routine fair banking services was made to feel unwelcome and discriminated against by the Defendants who spoke to the Plaintiffs in a condescending manner.

47. That the Defendants wrongfully disrupted, delayed, and originally denied plaintiffs fair banking service acting with an animus towards the plaintiffs based on Plaintiff's Jewish religious beliefs.

48. **WHEREFORE**: Plaintiffs seek a monetary judgment in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) together with actual compensatory and punitive damages, and related statutory damages, reasonable attorney fees, court costs, pre and post judgment interest together with any other relief this court deems within its jurisdiction.

## SECOND CAUSE OF ACTION
## INFLICTIONAL OF EMOTIONAL DISTRESS

49. Plaintiffs incorporates all facts and averments as set forth in paragraph 1 through 48 and further alleges;

50. That the Defendants maltreatment and discrimination against the Plaintiffs was knowingly and intentionally motivated by their animus towards the Plaintiffs because of Plaintiffs Jewish religious beliefs.

51.  Plaintiffs Ben Zakarya suffered emotional distress and loss of consortium requiring professional treatments and medication.

52.  **WHEREFORE**: Plaintiff demands a money judgment in the amount of Twenty Million Dollars ($20,000,000.00) together with statutory, actual, compensatory and punitive damages, reasonable attorney fees, court cost, pre and post judgment interest and any other relief the court deems within its jurisdiction.

*Ben Zakarya*
_____
**BEN ZAKARYA**
**PLAINTIFF PRO PER**


*TIRGAR BAHNEMIRI*
_____
**NIMA TIRGAR BAHNEMIRI**
**PLAINTIFF PRO PER**


**Dated:**   April 3rd, 2025